Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

CHRISTOPHER J. MCCANN (SBN 212961)
**LAW OFFICES OF CHRISTOPHER J. MCCANN, APC**
1633 E. 4th St., Ste. 248
Santa Ana, CA 92701
Telephone: (949) 596-0060
Facsimile: (949) 474-0306

Attorneys for Plaintiff Jose Encinas

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ENCINAS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH; SALVADOR ALATORRE; ALFREDO CHAIREZ; FERNANDO ARCHULETA; AMANDA AKNIN; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Excessive / Unreasonable Force;<br>2. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline;<br>3. Violation Of 42 U.S.C. § 1983; *Monell* Liability – Custom, Practice or Policy;<br>4. Violation Of 42 U.S.C. § 1983; *Monell* Liability – Ratification<br>5. California State Law Claim For Violation Of Civil Code § 52.1; |

COMPLAINT FOR DAMAGES

1

)   6.  California State Law Claim For
)       Battery;
)   7.  California State Law Claim For
)       Negligence.

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Jose Encinas and shows this honorable court the

following:

**<u>JURISDICTIONAL ALLEGATIONS</u>**

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction

over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred within the territorial

jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §

1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same

transactions and occurrences, and out of a common nucleus of operative facts as the

Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's

California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367,

and otherwise pursuant to *Mine Workers v. Gibbs*.

4.      This action has been timely brought as Plaintiff's claims were tolled during

the pendency of the underlying criminal action pursuant to Government Code § 945.3.

COMPLAINT FOR DAMAGES
2

## **GENERAL ALLEGATIONS**

5.  Plaintiff Jose Encinas, hereinafter referred to as "ENCINAS" or "Plaintiff ENCINAS," is a natural person, who, at all times complained of in this action, resided in the Central District of California.

6.  Defendant City of Long Beach hereinafter also referred to as "CITY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.  Defendant Salvador Alatorre, hereinafter also referred to as "ALATORRE", is, and at all times complained of herein, was, a peace officer employed by the Long Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

8.  Defendant Alfredo Chairez, hereinafter also referred to as "CHAIREZ", is, and at all times complained of herein, was, a peace officer employed by the Long Beach Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

9.  Defendant Fernando Archuleta, hereinafter also referred to as "ARCHULETA", is, and at all times complained of herein, was, a peace officer employed by the Long Beach Police Department, acting as an individual person under the color of state law, in

his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

10.     Defendant Amanda Aknin, hereinafter also referred to as "AKNIN", is, and at all times complained of herein, was, a peace officer employed by the Long Beach Police Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with Defendant CITY.

11.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Long Beach Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed

COMPLAINT FOR DAMAGES
4

by the Long Beach Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

13.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Long Beach Police Department and/or defendant City of Long Beach, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Long Beach Police Department for, *inter alia*,: 1) using excessive force; 2) unlawfully using Maglite flashlights as weapons and 3) for covering up the tortious conduct of Long Beach Police Department officers.

14.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy

COMPLAINT FOR DAMAGES

making officials with the Long Beach Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

15.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Long Beach Police Department and/or otherwise with defendant CITY.

16.     In addition to the above and foregoing, Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17.     Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person / Bystander Liability**
**(Against ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive)**

19.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.     On or about September 19, 2018 Defendants ALATORRE, CHAIREZ and DOES 1 through 6, inclusive, were patrolling near the 1400 block of West 25th Street in Long Beach, California.

21.     Defendants ALATORRE, CHAIREZ and DOES 1 through 6, inclusive, allege that they witnessed ENCINAS driving in a truck which apparently failed to come to a complete stop at a stop sign.

22.     Defendants ALATORRE, CHAIREZ and DOES 1 through 6, inclusive, activated their forward-facing red lights and pulled ENCINAS over.

23.     ENCINAS complied and stopped his vehicle in an adjacent parking lot.

24.     Defendants ALATORRE, CHAIREZ and DOES 1 through 6, inclusive, exited their vehicle and approached ENCINAS.

25.     Defendants ALATORRE, CHAIREZ and DOES 1 through 6, inclusive,

COMPLAINT FOR DAMAGES

7

then asked ENCINAS to exit the vehicle. ENCINAS complied and exited the vehicle.

26.     Defendants ARCHULETA and AKNIN then arrived on scene.

27.     Not long after ENCINAS exited his vehicle, he began running from the defendant police officers.

28.     Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, chased after ENCINAS.

29.     Defendant ALATORRE was the first office to reach ENCINAS. As soon as ALATORRE was within striking distance of ENCINAS, ALATORRE struck ENCINAS in the head with ALATORRE's Maglite flashlight.

30.     ENCINAS lost consciousness and fell to the ground.

31.     ALATORRE then got on top of ENCINAS and continued to strike ENCINAS with the Maglite, despite the fact that ENCINAS was unconscious and not resisting or assaultive to the officers.

32.     While on the ground, ALATORRE struck ENCINAS with the Maglite on ENCINCAS' head, neck, shoulder and rib area.

33.     ENCINAS had lost consciousness and merely laying on the ground. ENCINAS was not resisting or assaultive towards the officers.

34.     Defendant ARCHULETA saw Defendant ALATORRE repeatedly strike ENCINAS with his Maglite.

35.      Defendant ARCHULETA decided to join Defendant ALATORRE and struck ENCINAS with his Maglite, four times. Defendant ARCHULETA did this even though ENCINAS had lost consciousness and was not resisting and was not assaultive towards the officers.

36.      Defendant CHAIREZ then began kicking ENCINAS. Defendant CHAIREZ was kicking ENCINAS, even though ENCINAS had lost consciousness and was not resisting nor was he assaultive towards the officers.

37.      Defendant AKNIN saw that Defendant ALATORRE and ARCHULETA were repeatedly striking ENCINAS with their Maglites. Defendant AKNIN then decided to tase ENCINAS. AKNIN applied two cycles of the taser to ENCINAS.  AKNIN tased ENCINAS even though he had lost consciousness and not resisting and not assaultive towards the officers.

38.      The defendants then handcuffed ENCINAS and arrested him.

39.      ENCINAS was taken to the hospital where he was treated for serious injuries he suffered as a result of the defendants' unreasonable force.

40.      As a direct and proximate result of the actions of defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, as complained of herein, ENCINAS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and

psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

41.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ENCINAS' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR**
**FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against CITY)**

42.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, inclusive, above, as if set forth in full herein.

43.     As complained of herein above, the acts of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, deprived ENCINAS of his rights under the laws of the United States and The United States Constitution.

44.     The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted ENCINAS.

COMPLAINT FOR DAMAGES

45.  Furthermore, CITY was aware of the violent propensities of the individual defendants and failed to properly discipline and/or train the defendants.

### PREVIOUS MISCONDUCT
### SALVADOR ALATORRE

46.    Prior to September 19, 2018, CITY was aware of the violent and unlawful propensities of ALATORRE and failed to discipline, terminate and/or train him.

47.    In 2012, Perry Grays named ALATORRE as a defendant in *Grays v. City of Long Beach*, et al. 2:11-cv-07588-GAF-RZx. In that case, Mr. Grays alleged that ALATORRE and other Long Beach Police Department officers brutally beat him with their flashlights and tasered him.

48.    *Grays v. City of Long Beach*, et al. went to a jury and resulted in a substantial judgment against the defendants.

49.    In 2015, Nona Opstinick and Linda Sterett named ALATORRE as a defendant in *Opstinick, et al. v. City of Long Beach*, et al. 2:14-cv-09370-PLA. In that case, the plaintiffs alleged that the decedent was prone on the ground and unarmed when ALATORRE shot and killed the decedent. CITY agreed to settle the case prior to trial.

50.    In *Cash v. City of Long Beach*, et al.  ALATORRE was sued for violently beating Plaintiff Raymond Cash with his Maglite. ALATORRE caused serious injuries to Mr. Cash, including rupturing his achilles tendon. CITY settled the claims with the Plaintiffs.

COMPLAINT FOR DAMAGES

51.     The Cash matter was captured on a Long Beach Police Department body worn camera and shows ALATORRE beating Mr. Cash so severely that a fellow officer had to pull ALATORRE off of Mr. Cash.

52. CITY agreed to settle the *Cash* matter prior to trial.

### *PREVIOUS MISCONDUCT*<br>*ALFREDO CHAREZ*

53.     Prior to September 19, 2018, CITY was aware of the violent and unlawful propensities of CHAIREZ.

54.     Defendant CHAIREZ was named as a defendant in *Gonzalez v. City of Long Beach*, et al., 2:18-cv-09117-ODW-AS. In that case the Plaintiffs alleged that in September of 2017, CHAIREZ and other Long Beach Police Department officers unlawfully seized the Plaintiff and used excessive force against the Plaintiff.

55.     Defendant CHAIREZ was named as a defendant in *Stefano v. City of Long Beach*, et al., 2:10-cv-06202-DSF-JC. In that case the Plaintiff alleged that CHAIREZ and other Long Beach Police Department officers unlawfully seized the Plaintiff and used excessive force against the Plaintiff.

### *PREVIOUS MISCONDUCT*<br>*FERNANDO ARCHULETA*

56.     Prior to September 19, 2018, CITY was aware of the violent and unlawful propensities of CHAIREZ.

COMPLAINT FOR DAMAGES

57.    Defendant ARCHULETA was named as a defendant in *Clark v. City of Long Beach*, et al., 2:18-cv-05350-CAS-RAO. In that case the Plaintiff alleged that in July of 2017, ARCHULETA used unreasonable deadly force against the Plaintiff. CITY settled the claims with the Plaintiffs.

58.    Defendant ARCHULETA was named as a defendant in *Estate of Gibson v. City of Long Beach*, et al., 2:16-cv-06962-PLA. In that case the Plaintiffs alleged that in May of 2016, ARCHULETA unlawfully shot and killed decedent Lionel Gibson. CITY settled the claims with the Plaintiffs.

59.    CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

60.    The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of ENCINAS' rights by Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive.

61.    CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of ENCINAS' rights as to be the moving force that ultimately caused ENCINAS' injuries.

62.    As a direct and proximate result of the actions of Defendant CITY, as complained of herein, ENCINAS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other

special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On
### Official Policy, Practice, Or Custom
### (Against CITY)

63.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62 inclusive, above, as if set forth in full herein.

64.     As shown above, the actions of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution and under the California Constitution, as described above.

65.     At all times complained of herein, Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Long Beach Police Department / defendant CITY:  1) for using excessive / unreasonable force on persons;  2) unlawfully using a Maglite as a weapon; and 3) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability and were a proximate cause of the very same California state law, and

federal and state constitutional violations complained of below by the plaintiff in this action.

66.    Furthermore, Defendant CITY has had a longstanding custom, practice and policy of using Matlite flashlights as weapons.

67.    In addition to the cases listed above, Feras Morad; Jane Doe (related to the Brandon Precidio criminal action); Ray Webb; Porfirio Santos, were all unreasonably beaten with Maglite flashlights by CITY peace officers.

68.    Police agencies like Los Angeles Police Department have banned the use of Maglite flashlights to prevent officers from using the instrument as a weapon.

69.    Said actions of said defendants were done by them under the color of state law.

70.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

71.    As a direct and proximate result of the actions of defendant CITY, ENCINAS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

COMPLAINT FOR DAMAGES

15

## FOURTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Municipal Liability – Ratification
### (Against CITY)

72.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73.     Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, acted under color of law.

74.     The acts of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, deprived Plaintiff of his right to be free from unlawful force.

75.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, ratified (or will ratify) Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, acts and the basis for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, acts.

76.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, were "within policy."

COMPLAINT FOR DAMAGES

77.     On information and belief, Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the unlawful acts, described above.

78.     As a direct and proximate result of the actions of Defendants CITY as complained of herein, ENCINAS: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $5,000,000.00.

**FIFTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

79.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as if set forth in full herein.

80.     The actions of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiff ENCINAS of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the

COMPLAINT FOR DAMAGES

17

California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

81.     Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, are liable to ENCINAS for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

82.     As a direct and proximate result of the actions of defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive e, as complained of herein, ENCINAS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

83.     The actions of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

84.     In addition, as a result of the actions of Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, as complained of

COMPLAINT FOR DAMAGES

18

herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff

ENCINAS is entitled to an award of treble compensatory damages against said

defendants, and each of them.

### SIXTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Against all Defendants)**

85.     Plaintiffs hereby reallege and incorporate by reference the allegations set

forth in paragraphs 1 through 84, inclusive, above, as if set forth in full herein.

86.     The actions committed by ALATORRE, CHAIREZ, ARCHULETA,

AKNIN and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual,

use of unlawful force and violence upon Plaintiff ENCINAS, and, therefore, constituted a

battery by said above-referenced defendant officers under California state law.

87.     As a direct and proximate result of the actions of Defendants ALATORRE,

CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6, inclusive, Plaintiff

ENCINAS was: 1) substantially physically, mentally and emotionally injured, and

suffered great physical, mental and emotional pain and suffering; 2) incurred medical and

psychological costs, bills and expenses and 3) incurred other special and general

damages, including attorney's fees, bail costs and other associated costs and expenses; all

in an amount to be proven at trial in excess of $5,000,000.00.

88.     The actions by said defendants were committed maliciously and

oppressively and constituted despicable conduct; sufficient for an award of punitive /

exemplary damages against all defendants and each of them, save Defendant

CITY, in an amount to be proven at trial in excess of $3,000,000.00.

## SEVENTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (Against All Defendants)

89.     Plaintiff hereby realleges and incorporates by reference the allegations set

forth in paragraphs 1 through 88, inclusive, above, as if set forth in full herein.

90.     As shown above, ALATORRE, CHAIREZ, ARCHULETA, AKNIN and

DOES 1 through 6, inclusive, owed a duty to refrain from using excessive force against

ENCINAS.

91.     As shown above, ALATORRE, CHAIREZ, ARCHULETA, AKNIN and

DOES 1 through 6, inclusive, breached their duty of care to ENCINAS by failing to

refrain from using excessive force against ENCINAS.

92.     Plaintiff ENCINAS had a sensory awareness of being beaten and arrested by

Defendants ALATORRE, CHAIREZ, ARCHULETA, AKNIN and DOES 1 through 6,

inclusive.

93.     Accordingly, the actions committed by Defendants as complained of herein,

constituted a breach of defendants' duty to use due care toward Plaintiff under

California State Law; negligence.

COMPLAINT FOR DAMAGES

20

94.     As a direct and proximate result of the actions of defendants, Plaintiff ENCINAS: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

c)  For an award of reasonable attorney's fees and costs;

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just and equitable.


_____/S/ Gregory Peacock_____ _
                    GREGORY PEACOCK


COMPLAINT FOR DAMAGES