1  CHARLES PARKIN, City Attorney
2  MATTHEW M. PETERS, Deputy City Attorney
   State Bar No. 306959
3  411 West Ocean Boulevard, 9th Floor
   Long Beach, California 90802-4664
4  Telephone:  (562) 570-2200
   Facsimile:  (562) 436-1579

5  Attorneys for Defendants
6  CITY OF LONG BEACH, FERNANDO ARCHULETA, AMANDA AKNIN and
   ALFREDO CHAIREZ

7

8

9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12

13  JOSE ENCINAS,                          Case No.:  2:20-cv-06988 GJS

14            Plaintiff,                    Honorable Gail J. Standish

15       vs.                               **DEFENDANTS, CITY OF LONG**
                                           **BEACH, FERNANDO**
16  CITY OF LONG BEACH; SALVADOR           **ARCHULETA, AMANDA AKNIN,**
    ALATORRE; ALFREDO CHAIREZ;             **AND ALFREDO CHAIREZ'S**
17  FERNANDO ARCHULETA; AMANDA             **ANSWER TO COMPLAINT; JURY**
    AKNIN, and DOES 1 through 10, inclusive, **DEMAND**

18            Defendants.
                                           Complaint Filed:  August 3, 2020
19                                         Trial Date:        None

20

21       COMES NOW, Defendants, CITY OF LONG BEACH ("CITY"), a municipal

22  corporation, FERNANDO ARCHULETA ("ARCHULETA"), AMANDA AKNIN

23  ("AKNIN"), and ALFREDO CHAIREZ ("CHAIREZ") (collectively "answering

24  Defendants"), and answering Plaintiff JOSE ENCINAS' ("Plaintiff" or "ENCINAS")

25  complaint in the above-entitled action for themselves alone, and for no other

26  defendants, admit, deny, and allege as follows:

27       1.    Answering the allegations contained in paragraph 1, if any, these

28  answering Defendants admit that Plaintiff seeks to invoke this Court's jurisdiction

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

1

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

pursuant to 28 U.S.C. § 1331 and that Plaintiff's 42 U.S.C. § 1983 causes of action amount to federal questions, and that this Court has subject matter jurisdiction over these federal questions. However, these answering Defendants deny that Plaintiff has stated a claim upon which relief may be granted.

2.    Answering the allegations contained in paragraph 2, if any, these answering Defendants admit that venue is proper.

3.    Answering the allegations contained in paragraph 3, if any, these answer Defendants admit that the Central District of California may also exercise supplemental jurisdiction over Plaintiff's alleged state claims. However, these answering Defendants deny that Plaintiff has stated a claim upon which relief may be granted.

4.    Answering the allegations contained in paragraphs 4, 5, 11-15, inclusive, 29- 32, inclusive, 34, 68, 69, 75, 76, 77, 90, and 92, inclusive, these answering Defendants have insufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained in said paragraphs. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraphs regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraphs.

5.    Answering the allegations contained in paragraphs 16-18, 33, 40, 41, 43-46, inclusive, 53, 56, 59-62, inclusive, 64, 65, 66, 67, 70, 71, 74, 78, 80-84, inclusive, 86, 87, 88, 91, 93, and 94, inclusive, these answering Defendants deny generally, and specifically, each and every allegation contained therein. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraphs

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

1   regarding Doe defendants, these answering Defendants lack sufficient information as
2   to the allegations regarding Doe defendants, and on that basis, deny each and every
3   allegation contained in said paragraphs.

4         6.      Answering the allegations contained in paragraph 6, these answering
5   Defendants admit that CITY is a California public entity, existing under the laws of
6   the state of California, and organized according to state and local law and the CITY
7   Charter.

8         7.      Answering the allegations contained in paragraphs 7, 8, 9, 10, and 73,
9   these answering Defendants admit that SALVADOR ALATORRE ("ALATORRE"),
10  CHAIREZ, ARCHULETA, and AKNIN were employed by CITY as a LBPD police
11  officers on September 19, 2018 and were "on-duty" at the time of the incident. As to
12  the remaining allegations contained therein, if any, these answering Defendants have
13  insufficient information or belief to enable them to answer the remaining allegations,
14  and each of them, and on that ground, denies each and every remaining allegation
15  contained in said paragraphs. Additionally, these answering Defendants generally and
16  specifically deny any allegation that Plaintiffs' rights were violated, and contend that
17  all actions were lawful, justified, reasonable, and done in good faith. Answering the
18  allegations, if any, contained in said paragraphs regarding Doe defendants, these
19  answering Defendants lack sufficient information as to the allegations regarding Doe
20  defendants, and on that basis, deny each and every allegation contained in said
21  paragraphs.

22        8.      Answering the allegations in paragraphs 19, 42, 63, 72, 79, 85, and 89,
23  inclusive, these answering Defendants reassert the admissions and denials previously
24  asserted. As to the remaining allegations contained therein, if any, these answering
25  Defendants have insufficient information or belief to enable them to answer the
26  remaining allegations, and each of them, and on that ground, denies each and every
27  remaining allegation contained in said paragraph. Additionally, these answering
28  Defendants generally and specifically deny any allegation that Plaintiff's rights were

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

3

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

violated, and contend that all actions were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

9.    Answering the allegations contained in paragraph 20, these answering Defendants admit that ALATORRE and CHAIREZ were patrolling near the 1400 block of West 25th Street in Long Beach, California on September 19, 2018. Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

10.    Answering the allegations contained in paragraphs 21-26, inclusive, these answering Defendants admit that CHAIREZ witnessed ENCINAS driving a truck and fail to come to a complete stop at a stop sign. These answering Defendants admit that as a result of the aforementioned moving violation, ALATORRE activated the police patrol vehicle's forward-facing red lights and siren to conduct a traffic stop. These answering Defendants admit that ENCINAS eventually stopped the truck he was driving in a parking lot. These answering Defendants admit that ARCHULETA and AKNIN arrived on scene. These answering Defendants admit that CHAIREZ exited the police patrol vehicle and approached the passenger side of the truck being operated by ENCINAS. These answering Defendants admit that ENCINAS was asked to exit the truck and admit that ENCINAS exited the truck. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

4

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

11.     Answering the allegations contained in paragraph 27 and 28, these answering Defendants admit that ENCINAS began running from the police officers after exiting the truck. These answering Defendants admit that CHAIREZ, AKNIN, ARCHULETA, and ALATORRE ran towards ENCINAS. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

12.     Answering the allegations contained in paragraph 35, these answering Defendants admit that ARCHULETA struck ENCINAS with his flashlight. These answering Defendants deny that ENCINAS was not resisting and was not assaultive towards the officers when ARCHULETA struck ENCINAS with his flashlight. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

5

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

1
2
3

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

13.     Answering the allegations contained in paragraph 36, these answering Defendants deny that ENCINAS was not resisting and was not assaultive towards the officers at the time CHAIREZ applied force on ENCINAS. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.  Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

14.     Answering the allegations contained in paragraph 37, these answering Defendants admit that AKNIN deployed her Taser on ENCINAS and applied two cycles. These answering Defendants deny that ENCINAS was not resisting and was not assaultive towards the officers when AKNIN deployed her Taser and when AKNIN applied two cycles of the Taser on ENCINAS. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.  Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants,

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

and on that basis, deny each and every allegation contained in said paragraph.

15.    Answering the allegations contained in paragraphs 38 and 39, these answering Defendants admit that ENCINAS was handcuffed and arrested. These answering Defendants admit that ENCINAS was taken to the hospital. These answering Defendants specifically and generally deny that the force used by the officers on ENCINAS was unreasonable. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph. Additionally, these answering Defendants generally and specifically deny any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.  Answering the allegations, if any, contained in said paragraph regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

16.    Answering the allegations contained in paragraphs 47 and 48, these answering Defendants admit that ALATORRE was named as a defendant in the case of *Grays v. City of Long Beach*, *et al.*, that plaintiff alleged excessive force, that the jury returned a verdict in favor of the plaintiff, and that the jury awarded the plaintiff damages. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

17.    Answering the allegations contained in paragraph 49, these answering Defendants admit that ALATORRE was named a defendant in *Opsitnick, et al. v. City of Long Beach, et al.*, that the plaintiffs alleged excessive force, and that the parties reached a settlement prior to trial. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

7

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

18.     Answering the allegations contained in paragraphs 50, 51, and 52, these answering Defendants admit that ALATORRE was named as a defendant in the case of *Cash v. City of Long Beach, et al.*, that ALATORRE struck the plaintiff with a flashlight, that the plaintiff alleged excessive force, and that the parties reached a settlement prior to trial. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

19.     Answering the allegations contained in paragraph 54, these answering Defendants admit that CHAIREZ was a named defendant in the case of *Gonzalez v. City of Long Beach, et al.* and that the plaintiffs allege LBPD police officers violated their Fourth Amendment rights. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

20.     Answering the allegations contained in paragraph 55, these answering Defendants admit that CHAIREZ was named as a defendant in the case of *Stefano v. City of Long Beach, et al.* and that the plaintiff alleged LBPD police officers violated the Fourth Amendment. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

21.     Answering the allegations contained in paragraph 57, these answering Defendants admit that ARCHULETA was named a defendant in the case of *Clark v. City of Long Beach, et al.*, that the plaintiff alleged excessive force, and that the parties reached a settlement prior to trial. As to the remaining allegations contained therein,

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

22.   Answering the allegations contained in paragraph 58, these answering Defendants admit that ARCHULETA was named a defendant in the case of *Estate of Gibson v. City of Long Beach, et al.*, that the plaintiffs alleged excessive force, and that the parties reached a settlement prior to trial. As to the remaining allegations contained therein, if any, these answering Defendants have insufficient information or belief to enable them to answer the remaining allegations, and each of them, and on that ground, denies each and every remaining allegation contained in said paragraph.

23.   Answering the allegations contained in Plaintiff's Prayer for Relief, including paragraphs (a) through (e), these answering Defendants deny generally, and specifically, each and every allegation, if any, contained therein. These answering Defendants deny that Plaintiff is entitled to any of the relief sought by way of this instant action. Answering the allegations, if any, contained in said paragraphs regarding Doe defendants, these answering Defendants lack sufficient information as to the allegations regarding Doe defendants, and on that basis, deny each and every allegation contained in said paragraph.

## FIRST AFFIRMATIVE DEFENSE

24.   Plaintiff fails to sate a claim upon which relief can be granted. Therefore, this complaint should be dismissed pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

25.   Defendant City of Long Beach, as a public entity, is immune from liability under the doctrine of *respondeat superior* in conjunction with 42 U.S.C. §§ 1981, 1983, 1985, or 1986, and all defendants are immune from liability by virtue of California *Government Code* §§ 818, 818.2, 818.4, 818.6, 818.8, 844.6, 845.2, 845.4, 845.6, 821.6, 820.4 and 820.2.

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

9

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

### THIRD AFFIRMATIVE DEFENSE

26.     The individual defendants are entitled to qualified immunity as they were performing discretionary functions and are immune from suit because their conduct did not violate any clearly established constitutional rights of which a reasonable person would know. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

### FOURTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

28.     That at all times pertinent herein, Long Beach police officers responding to the scene, and each of them, were duly qualified and acting police officers of the City of Long Beach and peace officers of the State of California. That such police officers, and each of them, were at all times mentioned herein, engaged in the performance of their regularly assigned duties in the employment of the City of Long Beach. That the individual police officers, and each of them, at all times pertinent herein, acted in good faith and without malice and are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

29.     That any injury or damage suffered by Plaintiff, was caused solely by reason of their own wrongful acts and conduct, and not by reason of any unlawful acts or omissions of any defendant. Additionally, Plaintiff has failed to mitigate his damages; and, as such, a damage award, if any, should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

30.     That the Plaintiff has failed to comply with the Government Claims Act, and thus all of the State Causes of Action are barred.

### EIGHTH AFFIRMATIVE DEFENSE

31.     That the Plaintiff was negligent, or committed a crime, and that said negligence and/or criminal conduct contributed to their damages, if any.  Recovery herein is therefore barred to the degree of that negligence and/or criminal conduct.

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

### NINTH AFFIRMATIVE DEFENSE

32.     That a public employee is not liable for his or her act or omission, exercising due care, in the execution or enforcement of any law, or for his or her discretionary acts.

### TENTH AFFIRMATIVE DEFENSE

33.     That these defendants and its employees and agents are immune from liability by virtue of California *Government Code* §§ 844.6, 845.6, 855.8, and 856.

### ELEVENTH AFFIRMATIVE DEFENSE

34.     Defendant City of Long Beach is immune from an award of punitive damages under both state and federal law; and that an award of punitive damages as to any employee of defendant may violate the 8th and 14th Amendments to the United State Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

35.     That the defendants and its employees are immune from liability by virtue of California *Government Code* §§ 820.4 and 820.

### THIRTEENTH AFFIRMATIVE DEFENSE

36.     That at all times pertinent herein, the individual defendants had reasonable cause to believe that a public offense had been, and was being, committed in their presence.

### FOURTEENTH AFFIRMATIVE DEFENSE

37.     Plaintiff's causes of action under state law set forth in the complaint do not fairly reflect the facts alleged in Plaintiff's written notice of claim. Therefore, Plaintiff's state law claims should be dismissed because they do not demonstrate substantial compliance with the Government Claims Act. *See State of Calif. Ex rel. Dept. of Transp. v. Sup. Ct. (Hall)*, 159 Cal.App.3d 331 (1984).

### FIFTEENTH AFFIRMATIVE DEFENSE

38.     Plaintiff's Notice of Claim fails to identify the public employees whom allegedly caused the injury when those employees were known to Plaintiff at the

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

time of claim filing in violation of *Government Code* § 910(e). Therefore, Plaintiff's state law claims set forth in the complaint fatally deviate from Plaintiff's written claim and should be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

39.     Plaintiff's state law claims should be dismissed because Plaintiff failed to file suit within six months after receiving notice of rejection of the claim. *Government Code* § 945.6.

### SEVENTEENTH AFFIRMATIVE DEFENSE

40.     At all times mentioned in the complaint, these answering individual defendants were employed by defendant City of Long Beach and acting in their respective individual capacities. Their alleged actions, if any, were made in good faith, without malice, and/or performed in the reasonable belief that those actions were authorized by and in accordance with existing law and authority.

### EIGHTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiffs' rights, privileges, and immunities secured under the Constitution, or Laws of the United States, have not been violated by any alleged action of the defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

42.     That Plaintiff knew, or should have known, that he was being detained, investigated, or questioned by a peace officer, and had the duty to refrain from using force to resist such arrest, detention, investigation, or questioning

### TWENTIETH AFFIRMATIVE DEFENSE

43.     Plaintiff is prohibited from pursuing his 42 U.S.C. § 1983 claim as his conviction(s) for the crime(s) at issue has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus; as such, Plaintiff's § 1983 claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### TWENTY FIRST AFFIRMATIVE DEFENSE

44.     Plaintiff's recovery, including his potential recovery of any attorneys'

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

12

fees, is limited by the Prison Litigation Reform Act.

## PRAYER

Wherefore, these answering Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff;

2. Plaintiff takes nothing by this action;

3. Defendants be awarded costs, including reasonable attorneys' fees of suit; and

4. Defendants be awarded such other relief as this Court may deem just and proper.

Defendants reserve the right to amend this answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

DATED:  September 17, 2020

CHARLES PARKIN, City Attorney

By:   */s/ Matthew M. Peters*
MATTHEW M. PETERS
Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, FERNANDO
ARCHULETA, AMANDA AKNIN and
ALFREDO CHAIREZ

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

13

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to <u>Federal Rules of Civil Procedure</u> 38, these answering Defendants

3   demand a trial by jury.

4

5   DATED:  September 17, 2020

6                                          CHARLES PARKIN, City Attorney

7

8                                          By:    */s/ Matthew M. Peters*

9                                                 MATTHEW M. PETERS

10                                                Deputy City Attorney
                                           Attorneys for Defendants
11                                         CITY OF LONG BEACH, FERNANDO
                                           ARCHULETA, AMANDA AKNIN and
                                           ALFREDO CHAIREZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
411 West Ocean Boulevard, 9th Floor
Long Beach, CA 90802-4664

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and I am not a party to the within entitled action.  My business address is 411 W. Ocean Boulevard, 9th Floor, Long Beach, California 90802.

On September 17, 2020, I served the within: **DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**

on all interested parties in said action, by placing a true copy and/or original thereof enclosed in sealed envelopes address as follows:

Gregory Peacock, Esq.
LAW OFFICES OF GREGORY PEACOCK
4425 Jamboree Rd., Suite 130
Newport Beach, CA 92660
gregorypeacockesq@gmail.com
Tel: 949-292-7478

Nathan A. Oyster (SBN 225307)
Algeria R. Ford (SBN 289016)
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
E-mail: aford@bwslaw.com
E-mail: noyster@bwslaw.com
Tel: 213.236.0600
Fax: 213.236.2700

*Attorneys for Defendant, Salvador Alatorre*

☒  **BY MAIL**:  I am "readily familiar" with the **firm's practice** of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  **BY ELECTRONIC MAIL**:  In addition to the above service by mail, hand delivery, or UPS, I caused said document(s) to be transmitted by scanning the document into a PDF or comparable electronic format and sent that document by email transmission.

Executed on September 17, 2020, at Long Beach, California.

☒  (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Vanessa M. Quiroz*

_____
Vanessa M. Quiroz

**DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND**